IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES and MELCHOR TORRES, individually and as Administrators of the Estate of EVERARDO TORRES,<br><br>     Plaintiffs,<br><br>  v.<br><br>CITY OF MADERA, MARCY NORIEGA, individually and as a member of the Madera Police Department, and DOES 1 through 50, inclusive,<br><br>     Defendants.<br><br>AND RELATED CROSS-ACTIONS | CV F 02-6385 AWI LJO<br><br>CONSOLIDATED WITH CV F 03-5999<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' REQUEST FOR JUDGMENT PURSUANT TO RULE 54(b)<br><br>(Documents #122) |

  This action arises from an incident in which Officer Marcy Noriega ("Officer Noriega") shot and killed Everardo Torres ("Everardo"). Everardo's estate and family ("Plaintiffs") have sued Officer Noriega and the City of Madera ("Defendants") under 42 U.S.C. § 1983 and state law. In a consolidated case, the City of Madera and Officer Noriega have sued Taser International ("Taser") under a products liability theory. Pending before the court is Plaintiffs' request for certification pursuant to Rule 54(b).

## PROCEDURAL HISTORY

On January 6, 2003, Plaintiffs filed their first amended complaint. The first cause of action is brought under 42 U.S.C. § 1983 and alleges violations of Everardo's Fourth Amendment rights. The second cause of action alleges wrongful death. The third cause of action alleges assault and battery. The fourth cause of action alleges false arrest and imprisonment. The fifth cause of action alleges negligence. The sixth cause of action alleges negligent infliction of emotional distress.

On January 28, 2005, Defendants filed a motion for summary adjudication of issues. On February 14, 2005, Plaintiffs filed an opposition to Defendants' motion. On February 16, 2005, Defendants filed a reply. On March 7, 2005, the court held a hearing. At the hearing, Plaintiffs stated that they would not be proceeding with a Section 1983 claim based on the Fourteenth Amendment or a Section 1983 claim against the City of Madera. On April 8, 2005, the court issued a memorandum opinion and order in which the court granted Defendants' motion in part. The court granted Defendants motion for summary judgment on Plaintiffs' Fourth Amendment claim. The court found that the undisputed facts revealed Officer Noriega did not intend to seize Everardo with the Glock. Because the court found Officer Noriega did not intend to seize Everardo with the instrumentality or means Officer Noriega applied, the court granted Defendants summary judgment on Plaintiffs' first cause of action alleging a violation of the Fourth Amendment.

On May 9, 2005, Plaintiffs filed a request for certification of the court's April 8, 2005 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs contend that the civil rights claim was been fully resolved and there is no just reason to delay entering judgment.

On May 16, 2005, Defendants filed an opposition. Defendants contend that Plaintiffs' civil rights claim is not separate and distinct from the other issues in this action. Defendants argue that because the same facts and circumstances are inextricably tied to all claims, including the civil rights claim, judgment pursuant to Rule 54(b) is not appropriate.

On May 20, 2005, Plaintiffs filed a reply brief.

## LEGAL STANDARD

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." Fed.R.Civ.P. 54(b). In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7. Simply stated, Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2656.

Whether to grant a Rule 54(b) motion is within the discretion of the district court. Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1078 (9th Cir. 1994); Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234, 236 (9th Cir.1967). When reviewing the district court's decision under Rule 54(b), the Ninth Circuit has stated that the present trend is toward great deference to a district court's decision under Rule 54(b). Cadillac Fairview/California, Inc. v. United States, 41 F.3d 562, 564 (9th Cir. 1994); Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). However, the district court should make specific findings setting forth its reasons for granting a Rule 54(b) motion. In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995); Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

A Rule 54(b) certification is proper if it will aid in the "expeditious decision" of the case,

3

but the court must remember the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. Texaco, Inc., 939 F.2d at 797-98; McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir.1986). The Ninth Circuit has stated that the appropriate focus for a court's Rule 54(b) decision is, "severability and efficient judicial administration." Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987). However, "[t]he Rule 54(b) claims do not have to be separate from and independent of the remaining claims." Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir.1987); see also Texaco, Inc., 939 F.2d at 798 (granting Rule 54(b) motion even when claim on appeal and the remaining claims require proof of same facts because legal issue appealed will streamline ensuing litigation). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

## DISCUSSION

**A. Multiple Claims**

Defendants contend that Plaintiffs do not have multiple claims within the meaning of Rule 54(b). The claims included in Plaintiffs' first amended complaint include a claim for a violation of Everardo's Fourth Amendment rights, a claim for wrongful death, a claim for assault and battery, a claim for false arrest and imprisonment, a claim for negligence, and a claim for negligent infliction of emotional distress. Defendants argue that because the Fourth Amendment claim and Plaintiffs' state law claims all arise from the same facts – the shooting death of Everardo – they are not multiple claims within the meaning of Rule 54(b). Plaintiffs contend the civil rights claim is separate and distinct from the state law claims.

In support of their position, Defendants rely on N.A.A.C.P. v. American Family Mut. Ins. Co., 978 F.2d 287 (7th Cir. 1992). In N.A.A.C.P. the Seventh Circuit addressed the definition of

claims in Rule 54(b).  The Seventh Circuit found that one set of facts producing one injury creates only one claim for relief, no matter how many laws the deeds violate.  Id. at 292.  The Seventh Circuit stated that when addressing a request for judgment on a claim pursuant to Rule 54(b) "[i]deally the facts and theories separated for immediate appeal should not overlap with those retained; to the extent they do, the court of appeals is 'deciding' claims still pending in the district court, and may have to cover the same ground when the district court acts on the residue." Id.  According to the Seventh Circuit, two legal theories are sufficiently distinct as to be considered separate claims for purposes of Rule 54(b) if they call for proof of substantially different facts.  Id.

In the Ninth Circuit, pragmatic considerations of severability and judicial efficiency determine what constitutes a claim.  Texaco, Inc., 939 F.2d at 797-98; Continental Airlines, 819 F.2d at 1524-25. In the Ninth Circuit, claims appealed pursuant to Rule 54(b) do not have to be separate from and independent of the claims remaining in the district court.  Texaco, Inc., 939 F.2d at 797; Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 179 n.1 (9th Cir. 1989).  To attack a Rule 54(b) certification, it is not enough to show some facts are in common to all of the plaintiff's theories.  See Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316 (9th Cir.1979) (upholding certification where each theory involved proof of element not present in other theory).  To the extent the Ninth Circuit's standard differs with that of the Seventh Circuit, this court must follow the Ninth Circuit authority regarding Rule 54(b) because this court is bound to follow Ninth Circuit authority.  See Yong v. INS, 208 F.3d 1116, 1119, n. 2 (9th Cir.2000)(once federal circuit court issues a decision, the district courts within that circuit are bound to follow it); Royal Dev. Co. v. NLRB, 703 F.2d 363, 368-69 (9th Cir.1983) (panel bound by circuit authority, regardless of alternate views).

Plaintiffs' Fourth Amendment claim and state law claims are different legally even if they arise from the same facts.  Plaintiffs' Fourth Amendment claim looks at whether Officer Noriega used excessive force through means or an instrumentality she intentionally applied.  At a

minimum, Plaintiffs' state law claims concern differing levels of intention on the part of Officer Noriega than the Fourth Amendment claim. Several of Plaintiffs' state law claims focus on the duty owed to Everardo; an issue not present in Plaintiffs' Fourth Amendment claim. The factual questions to be resolved when deciding Plaintiffs' claims overlap, but they are by no means identical. Thus, the court finds that Plaintiffs' civil rights claim based on a violation of Everardo's Fourth Amendment Rights is a distinct claim from the state law claims despite the fact the claims all arise from one set of facts.

This finding is in accord with the Supreme Court's instructions on what the court should consider when evaluating a Rule 54(b) request.

> [A] district court must take into account judicial administrative interests as well as the equities involved . . . It [is] therefore proper for the [court] to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Curtiss-Wright Corp., 446 U.S. at 7-13. In this case, the Ninth Circuit would not have to decide the same issues more than once even if there are subsequent appeals. If Plaintiffs appeal the court's grant of summary judgment on Plaintiffs' Fourth Amendment claim, the Ninth Circuit would address the issue of what means or instrumentality Officer Noriega needed to have intended to apply to have violated Everardo's Fourth Amendment rights. Is Officer Noriega's general intent to have seized Everardo by shooting "something" sufficient or did Officer Noriega need to have intended to seize Everardo with her gun? On an appeal, the Ninth Circuit would clarify if the unique facts of this case are more analogous to the situation of an officer who intends to seize a suspect by shooting the suspect's leg but ends up shooting him in the heart or the situation of an officer who intends to seize a suspect by use of his siren and lights but ends up seizing the suspect by hitting him with the officer's car. The essence of Plaintiffs' appeal will be a legal question present in a Fourth Amendment seizure claim. There has been no showing that this legal question is also present in any of Plaintiffs' other claims. Thus, if the Ninth Circuit

reviewed this legal question at this time it would not be required to again address the same questions or issues if one of the parties later appeals the other claims in this action. Accordingly, the court finds that separate claims are before the court which require proof of at least one different element and pose different legal questions for the appellate court.

**B. Final Decision**

There is no question that Plaintiffs' Fourth Amendment claim based on an unlawful seizure of Everardo has been finally decided. A ruling is final, and therefore appealable, "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" as to that party or claim. Arizona State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039 (9th Cir.1991) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)). The court's grant of summary judgment to Defendants on Plaintiffs' Fourth Amendment claim is final. There is nothing left for the court to do but enter judgment. Thus, there has been a final decision an a separate and distinct legal claim.

**C. No Just Reason For Delay**

Having found a final decision on a separate claim, the final question for the court to address in deciding Plaintiffs' Rule 54(b) motion is whether there is any just reason to delay the entry of judgment. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. Curtiss-Wright Corp., 446 U.S. at 8. Plaintiffs contend that they are moving for an immediate appeal to allow them to obtain a monetary judgment on the Fourth Amendment claim at trial. Plaintiffs also contend that if they were to wait until after trial to appeal the court's ruling, it would result in a second, duplicative and costly trial. Defendants contend that allowing an appeal now would result in a piecemeal appeal. Defendants also argue that allowing an appeal now would result in the trial being postponed.

The court finds that judicial efficiency would be gained by an immediate appeal of the court's ruling on Plaintiffs' Fourth Amendment claim. As discussed in more detail in the court's

order granting summary judgment, the court granted summary judgment on Plaintiffs' Fourth Amendment claim because the court found a Fourth Amendment claim was not available because Officer Noriega did not intend to seize Everardo through the means or instrumentality she applied.  Because the undisputed facts showed Officer Noriega only intended to size Everardo with the taser, the court found Officer's Noriega's accidental shooting of the gun did not implicate the Fourth Amendment.   The exact legal confines of a Fourth Amendment claim under the unique facts of this case would be best explored by the Ninth Circuit at this stage of the litigation.    No other case appears to have directly addressed whether a Fourth Amendment claim is available for an accidental shooting with a gun when the officer intended to shoot the suspect with a taser.  Given the limited legal authority addressing the specific facts at issue in this case, the court finds an appeal at this time would assist the court.

   If this action went to trial now, the parties would have to try the remaining state law claims and Defendants' claims against Taser.  The trial has been estimated to be at least three weeks.   Regardless of the verdict, Plaintiffs could appeal the court's ruling on the Fourth Amendment claim.  If the Ninth Circuit disagreed with the court's legal findings on the confines of a Fourth Amendment claim, a new trial on the Fourth Amendment claim would be required.  Such a trial would necessitate similar evidence and testimony as the state law claims.   Because of the overlapping nature of the state law claims and the Fourth Amendment claim, a new trial on all matters might be required.   Allowing an appeal now would avoid the need for possibly two duplicative trials.    This would not only conserve judicial resources but avoid the parties' expenditure of vast resources on trying a case twice.

   The does recognize that an appeal at this time, when trial of the remaining claims is nearing, will result in a delayed resolution to this matter.   The evidence consists largely of witnesses' recollections, and the passage of time will do nothing at assist these witnesses in remembering the operative events.   However, it appears that depositions of all relevant witnesses have been taken, and depositions could be taken of any other witnesses that the parties fear may

become unavailable.  This will preserve necessary evidence in the event a witness becomes unavailable or unable to remember the incident.  In addition, the problems that may arise from the trial's delay are outweighed by the benefits of allowing an appeal at this time.  Any prejudice from the delay is outweighed by the prejudice to all parties and the court if two trials covering essentially the same facts were required.  Thus, justice and efficiency weigh in favor of entering judgment on the Fourth Amendment claim at this time.[1]

      Equitable factors courts have considered in certifying a Rule 54(b) judgment have included: (1) the prejudgment interest rate; (2) the liquidity of the debts at issue; (3) the threat of either party becoming insolvent; and (4) the possibility that counterclaims will create a setoff against the judgment.  See Curtiss-Wright, 446 U.S. at 11-12.  In this case, no party has cited the delay an appeal would have on the amount of damages a jury may ultimately award.  There is no indication a delayed verdict could result in Defendants paying a larger amount in damages.  The court does recognize that Defendants' action against Taser may result in some setoff against any award Defendants are required to pay Plaintiffs.  However, because the two actions have been consolidated, an appeal would result in both actions tried together at a later date.

      In their reply brief Defendants contend that Plaintiffs will not be financially benefitted even if the Ninth Circuit finds a Fourth Amendment claim is available.  Defendants argue that the only people who will benefit financially from the addition of the Fourth Amendment claim is Plaintiffs' attorneys because if a civil rights claim is available, Plaintiffs' attorneys may be entitled to attorney's fees.  Defendants' position is premised on the unsupported allegation that Plaintiffs will not be required to pay their attorneys out of any judgment.  The court finds that supposition on what percentage of an eventual judgment Plaintiffs will keep is not an appropriate consideration.  Further, without briefing on the issue, the court is not prepared to find that any possible damage award for a Fourth Amendment claim would automatically be duplicative of the

---

[1] The court notes for the record that Defendants have requested the court publish its April 8, 2005 opinion.  Because Plaintiffs plan to appeal this issue, the court will delay publishing its opinion to allow the Ninth Circuit the opportunity to address this issue first.

9

possible damage awards on the state law claims.  Thus, the court does not find any equitable consideration trumps the reasons to allow an appeal.

## ORDER

Accordingly, for the reasons stated in this memorandum opinion, the court ORDERS that:

1. Plaintiffs' request for certification pursuant to Rule 54(b) is GRANTED; and
2. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants on the first cause of action alleging a violation of Everardo's Fourth Amendment rights.

IT IS SO ORDERED.

Dated:   **June 24, 2005**                        **/s/ Anthony W. Ishii**
9h0d30                                           UNITED STATES DISTRICT JUDGE