**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA TORRES and MELCHOR TORRES, individually and as Administrators of the Estate of EVERARDO TORRES,**<br><br>        **Plaintiffs**,<br>   v.<br><br>**CITY OF MADERA, et al.,,**<br><br>        **Defendants.**<br><br>**AND RELATED CROSS-ACTIONS** | 1: 02-CV-6385 AWI NEW<br><br>CONSOLIDATED WITH<br>1: 03-CV-5999 AWI NEW<br><br>**ORDER CONCERNING SEPTEMBER 27, 2007 STIPULATION**<br><br>(Document #170) |

    This action arises from an incident in which Officer Marcy Noriega shot and killed Everardo Torres ("Everardo"). Everado's estate and family ("Plaintiffs") have sued Officer Noriega and the City of Madera ("Defendants") under 42 U.S.C. § 1983 and state law. In a consolidated case, the City of Madera and Officer Noriega have sued Taser International under a products liability theory. Both cases are currently on appeal. A mediation is currently scheduled in this matter for October 16, 2007.

On September 27, 2007, the parties filed a stipulation. In this stipulation, the parties states that California Code of Civil Procedure 583.10(a) requires a case to be brought to trial within five years from the date the complaint is filed. This five year period will run in this case on November 7, 2007. In light of the appeal and pending mediation, the parties stipulate to extend the five year statue for one year.

A federal court sitting in diversity follow federal procedural law and, where it applies, state substantive law. See, e.g., Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Hanna v. Plumer, 380 U.S. 460, 472 (1965); Zamani v. Carnes, 491 F.3d 990, 995 (9th Cir. 2007). This principle applies equally in the context of pendent or supplemental jurisdiction. In re Exxon Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007). Some rules fall within the uncertain area between substance and procedure because they are rationally capable of classification as either. Hanna v. Plumer, 380 U.S. 460, 472 (1965); Zamani v. Carnes, 491 F.3d 990, 995 (9th Cir. 2007). "When faced with a state law that may be classified as either substantive or procedural, the court must determine whether there is an applicable federal rule of civil procedure." Zamani, 491 F.3d at 995. "If there is an applicable federal rule, and if that rule is valid under the Rules Enabling Act, 28 U.S.C. § 2072, that rule should be applied." Id.

The court finds that Section 583.310(a) is clearly a procedure rule. Federal law controls the determination of when a federal court litigant is entitled to a jury trial. See Simler v. Conner, 372 U.S. 221, 222 (1963); Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989). Because California's five year rule has no application in this court, the parties' stipulation is unnecessary. This court's procedures will continue to be governed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Dated:   September 28, 2007**          /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE