IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES and MELCHOR TORRES, individually and as Administrators of the Estate of EVERARDO TORRES,<br><br>Plaintiffs,<br>v.<br><br>CITY OF MADERA, MARCY NORIEGA, individually and as a member of the Madera Police Department, and DOES 1 through 50, inclusive,<br><br>Defendants. | 1:02-CV-6385 AWI GSA<br><br>ORDER GRANTING PLAINTIFFS' REQUEST FOR JUDGMENT PURSUANT TO RULE 54(b)<br><br>(Documents #221) |

    This action arises from an incident in which Officer Marcy Noriega ("Officer Noriega") shot and killed Everardo Torres ("Everardo"). Everardo's estate and family ("Plaintiffs") have sued Officer Noriega and the City of Madera ("Defendants") under 42 U.S.C. § 1983 and state law. Pending before the court is Plaintiffs' request for certification pursuant to Rule 54(b).

## PROCEDURAL HISTORY

    On January 6, 2003, Plaintiffs filed their first amended complaint. The first cause of action is brought under 42 U.S.C. § 1983 and alleges violations of Everardo's Fourth Amendment rights. The second cause of action alleges wrongful death. The third cause of action alleges assault and battery. The fourth cause of action alleges false arrest and imprisonment.

The fifth cause of action alleges negligence.  The sixth cause of action alleges negligent infliction of emotional distress.

On January 28, 2005, Defendants filed a motion for summary adjudication of issues.   On April 8, 2005, the court issued a memorandum opinion and order in which the court granted Defendants' motion for summary judgment on Plaintiffs' Fourth Amendment claim.  Because the court found Officer Noriega did not intend to seize Everardo with the instrumentality or means Officer Noriega applied, the court granted Defendants summary judgment on Plaintiffs' first cause of action, alleging a violation of the Fourth Amendment.  The court then granted Plaintiffs' request for certification of the court's April 8, 2005 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

On appeal, the Ninth Circuit reversed this court's grant of summary judgment applying the "continuing seizure" doctrine, which had never been raised by any of the parties in either this court or on appeal.  See Torres v. Madera, 524 F3d 1053 (9th Cir. 2008) (hereinafter "Torres I"). The Ninth Circuit found Torres had been technically seized from the moment he was handcuffed, prior to the shooting.  As such, the Ninth Circuit found the issue was the reasonableness of Defendant Noriega's mistake, not whether Defendant Noriega seized Torres.  The Ninth Circuit then remanded the action to this court.

On January 8, 2009, Defendants filed a second motion for summary adjudication of issues Defendants contended Defendant Noriega's mistake was objectively reasonable and/or she was entitled to qualified immunity.  On July 8, 2009, the court granted Defendants' second motion. Based on the standards set forth in Torres I, this court found that the undisputed facts revealed there was no Fourth Amendment violation because Defendant Noriega's mistake was reasonable. The court further found that it would have been unclear to a reasonable officer in 2002 when a mistaken use of force violated the Fourth Amendment.  Finally, the court found that the law concerning the use of Tasers was not clearly established in 2002.

On July 24, 2009, Plaintiffs filed a notice of appeal.


On September 14, 2009, Plaintiffs filed a motion for certification pursuant to Rule 54(b). Plaintiffs contend that the civil rights claim was been fully resolved and there is no just reason to delay entering judgment. Plaintiffs argues that absent an order granting an immediate appeal, Plaintiffs contend they will be forced to try this action twice. Defendants did not file an opposition to Plaintiffs' motion.

## LEGAL STANDARD

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Federal Rule of Civil Procedure 54(b) "provides that final entry of judgment should be made on individual claims in multiple claim suits 'upon an express determination that there is no just reason for delay.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006) (quoting Fed. R. Civ. Pro. 54(b)).[1] In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956); Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright, 446 U.S. at 7; Wood, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Curtiss-Wright Corp., 446 U.S. at 8; Sears, Roebuck, 351 U.S. at 437; Wood, 422 F.3d at 878. A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals." Curtiss-Wright, 446 U.S. at 8; Sears, Roebuck, 351 U.S. at

---

[1] In its entirety, Rule 54(b) reads:

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

438; Wood, 422 F.3d at 878-79.  The Ninth Circuit has stated that the appropriate focus for a court's Rule 54(b) decision is, "severability and efficient judicial administration."  Wood, 422 F.3d at 880; Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987); cf. Curtiss-Wright, 446 U.S. at 8 (holding that lower court properly considered separateness of claims and that no appellate court would have to decide the same issues more than once) .  The district court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion.  In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995);  Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

## DISCUSSION

**A.  Multiple Claims**

The claims included in Plaintiffs' first amended complaint include a claim for a violation of Everardo's Fourth Amendment rights, a claim for wrongful death, a claim for assault and battery, a claim for false arrest and imprisonment, a claim for negligence, and a claim for negligent infliction of emotional distress.  Plaintiffs' Fourth Amendment claim and the state law claims are different legally even if they arise from the same facts.   Plaintiffs' Fourth Amendment claim looks at whether Officer Noriega used excessive force and whether her mistaken use of force was reasonable.   Plaintiffs' state law claims concern differing levels of intention on the part of Officer Noriega than the Fourth Amendment claim, and several state law claims require a duty owed to Everardo.   The factual questions overlap, but they are not identical.  Thus, the court finds that Plaintiffs' civil rights claim based on a violation of Everardo's Fourth Amendment Rights is a distinct claim from the state law claims despite the fact the claims all arise from one set of facts.

**B.  Final Decision**

There is no question that Plaintiffs' Fourth Amendment claim based on an unlawful seizure of Everardo has been finally decided.  A ruling is final, and therefore appealable, "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment'" as to that party or claim. Arizona State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039 (9th Cir.1991) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)). The court's grant of summary judgment to Defendants on Plaintiffs' Fourth Amendment claim is final. There is nothing left for the court to do but enter judgment. Thus, there has been a final decision an a separate and distinct legal claim.

**C.  No Just Reason For Delay**

Having found a final decision on a separate claim, the final question for the court to address in deciding Plaintiffs' Rule 54(b) motion is whether there is any just reason to delay the entry of judgment. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. Curtiss-Wright Corp., 446 U.S. at 8. Equitable factors courts have considered in certifying a Rule 54(b) judgment have included: (1) the prejudgment interest rate; (2) the liquidity of the debts at issue; (3) the threat of either party becoming insolvent; and (4) the possibility that counterclaims will create a setoff against the judgment. See Curtiss-Wright, 446 U.S. at 11-12. In this case, no party has cited the delay an appeal would have on the amount of damages a jury may ultimately award. There is no evidence that a delayed verdict could result in Defendants paying a larger amount in damages.

Plaintiffs contend that if they were to wait until after trial to appeal the court's ruling, it would result in a second, duplicative and costly trial. Defendants offer no reason to deny Plaintiffs' request for an immediate appeal. The court finds that judicial efficiency would be gained by an immediate appeal of the court's ruling on Plaintiffs' Fourth Amendment claim. As discussed in more detail in the court's order granting summary judgment, the court granted summary judgment on Plaintiffs' Fourth Amendment claim because the court found Officer Noriega's mistake was reasonable and she was entitled to qualified immunity. The exact legal confines of mistaken uses of force in the Fourth Amendment context are evolving and would be best explored by the Ninth Circuit at this stage of the litigation. Further, if this action went to

trial now, the parties would have to try the remaining state law claims.  The trial has been estimated to be at least three weeks.   Regardless of the verdict, Plaintiffs could appeal the court's ruling on the Fourth Amendment claim.  If the Ninth Circuit disagreed with this court's legal findings on the Fourth Amendment claim, a new trial on the Fourth Amendment claim would be required.    Because of the overlapping nature of the state law claims and the Fourth Amendment claim, a new trial on all matters might be required.   Allowing an appeal now would avoid the need for possibly two duplicative trials.    This would conserve judicial resources and avoid the parties' expenditure of vast resources on trying a case twice.

**ORDER**

Accordingly, for the reasons stated in this memorandum opinion, the court ORDERS that:

1. Plaintiffs' request for certification pursuant to Rule 54(b) is GRANTED; and
2. The Clerk of the Court is DIRECTED to enter final judgment in favor of Defendants on the first cause of action alleging a violation of Everardo's Fourth Amendment rights.

IT IS SO ORDERED.

**Dated:   November 17, 2009**             /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE